IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:10-cv-00283

| | |
|---|---|
| JAMES F. MILLER, IV, as trustee of the JAMES F. MILLER, III IRREVOCABLE TRUST, and ELIZABETH H. MILLER,<br><br>Plaintiffs,<br><br>v.<br><br>LINCOLN FINANCIAL GROUP d/b/a THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendants. | **ANSWER, MOTIONS TO DISMISS AND COUNTERCLAIM OF DEFENDANT** |

Defendant answers the plaintiffs' complaint as follows:

**NATURE OF THE ACTION**

1. Admitted that plaintiffs in this action are James F. Miller, IV and Elizabeth H. Miller, and that James F. Miller, IV brings this action in his capacity as trustee of the James F. Miller, III Irrevocable Trust. Admitted that the action is brought to recover insurance proceeds claimed to be due to James F. Miller, IV, in his capacity as trustee as the beneficiary of an insurance policy number JJ7062871 issued by Lincoln National Life Insurance Company on the life of the late James F. Miller, III. Otherwise denied.

**PARTIES**

2. Admitted that James F. Miller, IV is a citizen and resident of Henderson County, North Carolina. Admitted, on information and belief, that he is the son of the

late James F. Miller, III. Otherwise denied for lack of information sufficient to form a belief.

3. Admitted that Elizabeth H. Miller is a citizen and resident of Henderson County, North Carolina. Admitted that she is the widow of James F. Miller, III. Otherwise denied for lack of information sufficient to form a belief.

4. Admitted that Lincoln National Life Insurance Company is a corporation authorized to do business in the State of North Carolina and that it conducts business in the State of North Carolina. Otherwise denied.

5. Admitted that venue is proper in this court, that the policy has a face amount of $5,000,000, that Mr. Miller lived his adult life in Henderson County, North Carolina, that Lincoln issued the policy that is the subject of this action, and that a copy of that policy is attached to the complaint as Exhibit "A." Otherwise denied.

## FACTUAL BACKGROUND

6. Admitted that Mr. Miller lived his adult life in Henderson County, North Carolina. Admitted that Mr. Miller and his family were involved in the operation of Camp Greystone. Otherwise denied for lack of information sufficient to form a belief.

7. Denied for lack of information sufficient to form a belief.

8. Denied for lack of information sufficient to form a belief.

9. Admitted that in late 2008 Mr. Miller submitted an application for $5,000,000 of life insurance coverage to Lincoln National Life Insurance Company. Admitted that the application designated a trustee of a life insurance trust as the proposed beneficiary of the policy applied for. Otherwise denied.

10. Admitted that Lincoln National Life Insurance Company issued its policy number JJ7062871 with an effective date of January 21, 2009. Admitted that a

premium was paid in the amount of $50,850.00 on February 4, 2009 by a wire transfer to Lincoln, and that the funds were applied by Lincoln to the premiums for the policy. Otherwise denied.

11.     Denied for lack of information sufficient to form a belief.

12.     Admitted, on information and belief, that at some time Mr. Miller or others entered into a loan agreement with Imperial Premium Finance LLC to borrow funds. Otherwise denied.

13.     Denied for lack of information sufficient to form a belief.

14.     Admitted that premium payments were made on the policy sufficient to keep it in force through Mr. Miller's death, to the extent that the policy was otherwise validly issued, and that those payments were accepted by Lincoln.

15.     Admitted on information and belief.

16.     Admitted that the trustee has made a claim to Lincoln for benefits under the policy. Otherwise denied.

17.     Lincoln's correspondence of February 8, 2010 is a written document that is the best evidence of its own contents and speaks for itself. Denied that the allegations of paragraph 17 are a complete recitation of the terms of Lincoln's communication. To the extent that the allegations of paragraph 17 alter, vary, modify, misstate or go beyond the communication in any way, they are denied.

18.     Lincoln's correspondence of March 1, 2010 is a written document that is the best evidence of its own contents and speaks for itself. Denied that the allegations of paragraph 18 are a complete recitation of the terms of Lincoln's communication. To the extent that the allegations of paragraph 18 alter, vary, modify, misstate or go beyond the communication in any way, they are denied.

19. Admitted that Elizabeth Miller and James F. Miller, IV met with Lincoln's investigators and provided a statement to Lincoln on March 8, 2010. Denied that all information requested by Lincoln has been received. Otherwise denied.

20. Admitted that on April 9, 2010 Lincoln met with and received a statement from Walter W. Blake, Jr., who at that time was the trustee of the trust. Otherwise denied.

21. Admitted

22. Admitted that Lincoln has not paid the claim under the policy to date, and that it contests the validity of the issuance of the policy. Otherwise denied.

23. Admitted on information and belief.

## COUNT ONE – DECLARATORY JUDGMENT

24. The defendant incorporates by reference the responses to paragraphs 1 through 23 of the complaint.

25. Admitted.

26. Admitted.

## COUNT TWO – BREACH OF CONTRACT

27. The defendant incorporates by reference the responses to paragraphs 1 through 26 of the complaint.

28. The policy is a written document that speaks for itself. Denied that paragraph 28 is a complete statement of the terms and conditions of the document, or that it accurately represents all of defendant's and plaintiffs' obligations under the document, or that a valid insurance contract presently exists. Admitted only that the language quoted in paragraph 28 of the complaint does appear in the policy.

29. Admitted.

30. Admitted that Lincoln has not paid the death benefit under the policy to the trust. Otherwise denied.

31. Denied.

**COUNT THREE – UNFAIR AND DECEPTIVE TRADE PRACTICES**

32. The defendant incorporates by reference the responses to paragraphs 1 through 31 of the complaint.

33. Denied insofar as the term is used in N.C. Gen. Stat. § 75-1.1 and 75-16. Otherwise denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

**FIRST DEFENSE AND MOTION TO DISMISS**

Elizabeth Miller is not a proper party plaintiff as she is not a party to the insurance contract at issue in this case and any rights that she may have are solely derivative of her status as a beneficiary of a trust. Pursuant to Rules 12(b)(6) and 17 of the Federal Rules of Civil Procedure, defendant moves that any action of Elizabeth Miller be dismissed, as it not brought by a person with a cognizable interest in the subject-matter of this action.

**SECOND DEFENSE AND MOTION TO DISMISS**

To the extent that plaintiffs have brought an action against "Lincoln Financial Group" as opposed to Lincoln National Life Insurance Company," defendant moves that this action be dismissed under Rules 12(b)(6) and 17 of the Federal Rules of Civil

Procedure, as the party to the contract at issue is Lincoln National Life Insurance Company, and not "Lincoln Financial Group."

### THIRD DEFENSE – UNCLEAN HANDS

1. In December 2008, through Chad Young, Walter W. Blake, Jr., trustee of the James Franklin Miller, III Life Insurance Trust applied for a policy of life insurance in the amount of $5,000,000 on the life of James Franklin Miller, III.

2. In order to induce Lincoln to issue the policy, Blake and James F. Miller, III, declared:

   a. That Miller had annual earned income of $140,000 and annual unearned income of $330,000;

   b. That Miller had total assets of $8.5 million and a net worth of $8.366 million, consisting of $7.5 million of real estate and only slightly more than $500,000 of liquid financial assets;

   c. That neither Miller nor the trustee, nor anyone on their behalf, would receive any form of compensation of any form, then or in the future, if the policy were issued;

   d. That there had been no discussion about a possible sale or assignment of the policy or a beneficial interest in the trust;

   e. That the policy was not to be funded via any premium finance loan or with funds borrowed, advanced or paid by another person or entity.

3. On information and belief, Mr. Miller's annual income was less than $140,000 in each of the three years preceding the application, and his net worth was other than as reported. Furthermore, on information and belief, Mr. Miller at all times contemplated financing the premium payments through loans obtained from a third

party, as his income of less than $140,000 per year was insufficient to pay the premiums contemplated, which exceeded $200,000 per year. Finally, on information and belief, Miller's net worth was other than as represented on the financial statement and application.

4. Had the defendant known that the plaintiff would not have been capable of paying the premiums planned under the policy, and that he intended to borrow to pay those premiums, and that his net worth was other than as represented, the policy in question would not have been issued.

5. On information and belief, one or both of James F. Miller, III or Walter W. Blake knew that one or more of the representations made in the application were false, and that they would be material to the decision to be made by Lincoln National Life Insurance Company as to whether or not to issue the insurance policy that is the subject of this action. But for the concealment or misrepresentation, the policy would not have been issued.

6. The policy was in fact issued in reliance upon the false statements and responses to inquiries concerning the plaintiff's financial status and intended method of financing the policy.

7. On information and belief additional parties have an interest in this action, having been assigned some portion of the trust's interest in any recovery under the policy in this action.

8. Plaintiffs' action is barred by the doctrine of unclean hands, in that the trust, who is the expected and intended beneficiary under the policy, is barred from recovery by the trustee's and/or James F. Miller, III's false representations and omissions of materials facts made in connection with the application for the policy.

7

## FOURTH DEFENSE – MISREPRESENTATION

9. Paragraphs 1 through 8 of the preceding defense are incorporated by reference.

10. Plaintiffs are barred from recovery by the material and false representations and omissions made by James F. Miller, III, and/or the trustee in connection with the application for the insurance policy that is the subject of this action.

## FIFTH DEFENSE AND COUNTERCLAIM – FOR RESCISSION

1. Defendant is an Indiana corporation with its principal place of business in Ft. Wayne, Indiana. It is the issuer of the insurance policy that is the subject of this action, policy JJ7062871.

2. Plaintiff James F. Miller, IV is the substitute trustee of the trust of James F. Miller, III, and is successor to the applicant for and owner of the insurance policy that is at issue in this action. On information and belief, he is a resident of Henderson County, North Carolina.

3. The amount in controversy in this case exceeds $75,000, as it involves a life insurance policy with a death benefit of $5 million. Plaintiff and defendant are citizens of different states, and jurisdiction therefore exists under 28 USC § 1332. Jurisdiction over this counterclaim is further proper under 28 USA § 1367, in that the claims of this counterclaim are part of the same case or controversy as the plaintiffs' claims.

4. In December 2008, through Chad Young, Walter W. Blake, Jr., trustee of the James Franklin Miller, III Life Insurance Trust applied for a policy of life insurance in the amount of $5,000,000 on the life of James Franklin Miller, III.

5. In order to induce Lincoln to issue the policy, Blake and James F. Miller, III, declared:

   a. That Miller had annual earned income of $140,000 and annual unearned income of $330,000;

   b. That Miller had total assets of $8.5 million and a net worth of $8.366 million, consisting of $7.5 million of real estate and only slightly more than $500,000 of liquid financial assets;

   c. That neither Miller nor the trustee, nor anyone on their behalf, would receive any form of compensation of any form, then or in the future, if the policy were issued;

   d. That there had been no discussion about a possible sale or assignment of the policy or a beneficial interest in the trust;

   e. That the policy was not to be funded via any premium finance loan or with funds borrowed, advanced or paid by another person or entity.

6. On information and belief, Mr. Miller's annual income was less than $140,000 in each of the three years preceding the application, and his net worth was other than as reported. Furthermore, on information and belief, Mr. Miller at all times contemplated financing the premium payments through loans obtained from a third party, as his income of less than $140,000 per year was insufficient to pay the premiums contemplated, which exceeded $200,000 per year. Finally, on information and belief, Miller's net worth was other than as represented on the financial statement and application.

7. Had the defendant known that the plaintiff would not have been capable of paying the premiums planned under the policy, and that he intended to borrow to pay

those premiums, and that his net worth was other than as represented, the policy in question would not have been issued.

8. On information and belief, one or both of James F. Miller, III or Walter W. Blake knew that one or more of the representations made in the application were false, and that they would be material to the decision to be made by Lincoln National Life Insurance Company as to whether or not to issue the insurance policy that is the subject of this action. But for the concealment or misrepresentation, the policy would not have been issued.

9. The policy was in fact issued in reliance upon the false statements and responses to inquiries concerning the plaintiff's financial status and intended method of financing the policy.

10. Defendant requests that this court declare that Lincoln National Life Insurance Company policy number JJ7062871 insuring the life of James F. Miller, III to be rescinded, and that all premiums paid previously, together with interest, less expenses incurred by defendant, be returned to the plaintiff James F. Miller, IV, the successor trustee of the life insurance trust of James F. Miller, III, or to such other trustee as the court may determine to be the proper party in interest.

11. Defendant further requests that the court declare that Elizabeth Miller, who is not named as a party to the insurance contract, has no interest in the insurance contract at issue in this case.

WHEREFORE, having answered the plaintiffs' complaint, having moved to dismiss certain claims, and having pled a counterclaim for rescission of the insurance policy that is the subject of this action, defendant Lincoln National Life Insurance Company respectfully prays the court:

1. Plaintiffs have and recover nothing of it and that plaintiffs' claims be dismissed with prejudice;

2. That the claims of Elizabeth Miller be dismissed, as she is not a party in interest to this action;

3. That the costs of this action, including attorneys' fees to the extent permitted by law, be taxed against the plaintiffs;

4. That the court enter judgment declaring the insurance policy that is the subject of this action, the same being Lincoln National Life Insurance Company policy number JJ7062871 be rescinded, null and void, and that all premiums previously paid under that policy, less expenses incurred by defendant, be refunded to the plaintiff trustee of the life insurance trust established by James F. Miller, III;

5. That the court grant to the defendant such other and further relief which as to the court may seem just and proper.

This the 7th day of January, 2011.

/s/ Frederick K. Sharpless
N.C. State Bar No. 12551
Attorney for Defendant
SHARPLESS & STAVOLA, P.A.
Post Office Box 22106
Greensboro, North Carolina 27420
Telephone: 336/333-6384
Facsimile: 336/333-6399
fks@sharpless-stavola.com

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues raised by the pleadings in this action.

This the 7th day of January, 2011.

>/s/ Frederick K. Sharpless
>N.C. State Bar No. 12551
>Attorney for Defendant
>SHARPLESS & STAVOLA, P.A.
>Post Office Box 22106
>Greensboro, North Carolina 27420
>Telephone: 336/333-6384
>Facsimile: 336/333-6399
>fks@sharpless-stavola.com

**CERTIFICATE OF SERVICE**

    I certify that on January 7, 2011, I electronically filed the **ANSWER, MOTIONS TO DISMISS AND COUNTERCLAIM OF DEFENDANT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen J. Grabenstein
sgrabenstein@vwlawfirm.com

Brian Howard Koch
kochb@gtlaw.com

Jesus E. Cuza
curazj@gtlaw.com

        /s/ Frederick K. Sharpless
        N.C. State Bar No. 12551
        Attorney for Defendant
        SHARPLESS & STAVOLA, P.A.
        Post Office Box 22106
        Greensboro, North Carolina 27420
        Telephone: 336/333-6384
        Facsimile: 336/333-6399
        fks@sharpless-stavola.com