| | | |
|---|---|---|
| **JAMES F. MILLER, IV, as trustee of** | ) | |
| **the JAMES F. MILLER, III** | ) | |
| **IRREVOCABLE TRUST and** | ) | |
| **ELIZABETH H. MILLER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **LINCOLN FINANCIAL GROUP** | ) | |
| **d/b/a THE LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Pending before the Court is the Plaintiff's Motion to Compel [# 19].

Plaintiff moves to compel Defendant to produce documents responsive to its First

Request for Production of Documents.   The Court **DENIES without prejudice**

the motion [# 19].

## I.     Background

Plaintiff brought this action to recover insurance proceeds it contends are

due to the James F. Miller III Irrevocable Trust (the "Trust") as the beneficiary of a

life insurance policy issued by Defendant insuring the life of the late James F.

Miller, III.   Miller submitted the application for a $5 million policy in 2008.   The

Trust was the named beneficiary of the policy.   Defendant issued the policy in

2009.   Subsequently, the Trust entered into a loan agreement with Imperial

Premium Finance, LLC ("Imperial") to borrow funds to pay the premiums on the

policy. Miller died in 2010. Plaintiff then brought this action asserting several claims, including breach of contract based on Defendant's alleged failure to pay the Trust the death benefit under the policy.

In its Answer, Defendant alleges that Miller made misrepresentations regarding his annual income and net worth; Defendant also asserts a counterclaim for rescission of the policy. Defendant contends that had it known that Miller was not capable of paying the premiums due under the policy, that he intended to borrow money to pay the premiums, and that his net worth was less than represented, Defendant would not have issued the policy. In fact, Defendant contends that it has a corporate policy of never knowingly issuing a life insurance policy to an individual who intends to transfer the policy to a life settlement company or other investor. Defendant even employs an assistant vice president, Kenneth Elder, to investigate these transactions so that the company can take appropriate legal action if it discovers that a policy holder is transferring the policy to a life settlement company or investor.

Subsequently, Plaintiff served Defendant with its First Request for Production of Documents. In response, Defendant objected to request Nos. 18, 22-24, 35-36, and 39. Plaintiff then moved to compel the documents responsive to these requests. In response to the Motion to Compel, Defendant supplemented its production of documents and produced redacted documents. Aside from two discrete issues, Plaintiff does not clearly articulate in its Reply brief what issues remain for the Court to address and, more importantly, what documents it contends

Defendant still has not produced that Plaintiff believes are responsive to its discovery requests.

## II.     Legal Standard

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense.  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request.  Fed. R. Civ. P. 37(a)(3)(B).  "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion."  Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010).

## III.     Analysis

## A.     The Attorney-client Privilege and Work Product Doctrine

Rule 26 of the Federal Rules of Civil Procedure provides that where a party withholds discoverable information on the ground that the information is privileged, the party must:

(I)     expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). Typically, this description takes the form of a privilege log. Mezu v. Morgan State Univ., 269 F.R.D. 565, 577 (D. Md. 2010); Smith v. Café Asia, 256 F.R.D. 247, 250 (D.D.C. 2009). "A party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege." Travelers Indemnity Co. v. Allied Tube & Conduit, Corp., No. 1:08cv548, 2010 WL 272579, at *1 (W.D.N.C. Jan. 15, 2010) (Howell, Mag. J.); Mezu, 269 F.R.D. at 577 ("a privilege log . . . must accompany a written response to a Rule 34 document production request, and a failure to do so may constitute a forfeiture of any claims of privilege."); AVX Corp. v. Horry Land Co., Inc., No. 4:07cv3299, 2010 WL 4884903, at *4 (D.S.C. Nov. 24, 2010) ("Failure to produce a timely or sufficient privilege log may constitute a forfeiture of any claims of privilege.").

In response to Plaintiff's discovery requests, Defendant asserts that some of the responsive documents related to the investigations conducted by Elder are protected by the attorney-client privilege. Defendant, however, did not produce a privilege log, and it is unclear whether Defendant provided sufficient information to enable Plaintiff to assess its claim of privilege, as required by Rule 26. It is not sufficient for Defendant to state generally that all of these documents are protected by the attorney-client privilege.

Accordingly, the Court **DIRECTS** Defendant to produce a privilege log to

Plaintiff within ten (10) days of the entry of this Order. The privilege log should set forth every responsive document withheld, the specific privilege it contends applies, and a description of the documents, communications, or tangible things not produced or disclosed to Plaintiff. In addition, the privilege log should include a list of those documents that it has redacted and set forth the specific privilege applicable to the redacted portion of the document.

After reviewing the privilege log produced by Defendant, if Plaintiff believes that some of the documents withheld by Defendant are not in fact subject to a claim of privilege, Plaintiff may file a motion to compel those specific documents within twenty (20) days of the entry of this Order. Upon the filing of such a motion, the Court will conduct an in camera review of the documents at issue and determine whether they are subject to the applicable privilege specified in the privilege log. Prior to the filing of such a motion, however, the Court **DIRECTS** counsel for Plaintiff and Defendant to meet face to face and in person and attempt in good faith to resolve the issue without Court intervention. The Court **INSTRUCTS** Defendant that if upon a review of the documents withheld, it determines that any documents were withheld without a reasonable basis for believing that they are, in fact, subject to a privilege, the Court will consider appropriate sanctions against Defendant.

## B.    Confidential Information of Policyholders

Initially, Defendant refused to produce documents related to the life insurance policies of third parties because the production of such documents would

violate North Carolina's Insurance Information and Privacy Protection Act. It now appears, however, that Defendant has produced or agrees to produce redacted copies of these documents. To the extent Defendant has not done so, the Court **DIRECTS** Defendant to produce redacted copies of the responsive documents related to the life insurance policies of third parties. Defendant shall redact all personal or privileged information about the insured.

If Plaintiff believes that Defendant has improperly redacted information contained in these documents, it may move to compel the specific information redacted. Prior to filing such a motion, the parties should meet and confer face to face and in person in an attempt to resolve any issues as to the redacted information. If a motion to compel is still necessary after this meeting, Plaintiff should set forth the specific document at issue and Plaintiff's good faith belief as to why the information redacted on the specific document does not constitute personal or privileged information. If necessary, the Court will conduct an in camera review of these documents. If Plaintiff's motion is not made in good faith or if the documents are not redacted in good faith, the Court will consider appropriate sanctions against the offending party.

### C. Supplemental Production

In the reply, Plaintiff contend, without explanation, that "the supplemental discovery response does not cover all areas of production sought in Plaintiffs' Motion to Compel." (Pl.'s Reply Br. at p. 5.) Plaintiff, however, does not specify why the supplemental response is insufficient or what documents remain at issue.

Without such information, the Court cannot rule on the Motion to Compel. To the extent that Plaintiff believes that Defendant is withholding responsive documents that are not subject to a privilege, then Plaintiff may renew this motion by setting forth the specific discovery requests that remain at issue and the specific documents Plaintiff believes are in Defendant's possession but have not been produced. Again, prior to renewing this motion, the parties shall confer face to face and in person in an attempt to resolve, or at least narrow, the discovery issues that the Court needs to address.

**D. Costs**

Upon a review of the record and the parties' briefs, the Court finds that an award of costs at this time is not warranted. If Defendant fails to timely produce a privilege log or if the Court later determines that Defendant withheld documents or redacted documents without a reasonable basis, the Court will consider revisiting the issue of whether costs are warranted for bringing this motion.

**IV. Conclusion**

The Court **DENIES without prejudice** the motion [# 19]. The Court **DIRECTS** Defendant to provide Plaintiff with a privilege log within ten (10) days of the entry of this Order. To the extent Defendant has not done so, the Court **DIRECTS** Defendant to produce redacted copies of the responsive documents related to the life insurance policies of third parties. Consistent with this Order, Plaintiff may renew its Motion to Compel within twenty (20) days of the entry of this Order.

Signed: October 3, 2011

Dennis L. Howell
United States Magistrate Judge